STATE OF MAINE *vs.* CITY OF PORTLAND.

Cumberland.   Opinion January 4, 1883.

*Indictment.   Nuisance.   Sewers.*

A municipal corporation is liable to an indictment if they so construct their public sewers that the outfalls thereof create a public nuisance, noisome, and prejudicial to the public health, provided the accumulations of filth thence proceeding are not promptly removed.

It is not necessary in such an indictment to allege negligence in the adoption of the plan of their sewerage system or careless execution of the same.   And it is no sufficient legal answer in such case that they exercised their best judgment, and proceeded with reasonable care in adopting their sewerage system and constructing their sewers.

ON EXCEPTIONS from superior court.

(Indictment.)

"The grand jurors for said state, upon their oath, present that the city of Portland, a municipal corporation in the county of Cumberland, on the first day of May, in the year of our Lord one thousand eight hundred and eighty-one, and on divers other days and times between that day and the day of the finding of this indictment at Portland aforesaid, in the county of Cumberland aforesaid, near to a certain public street and common highway known as Commercial street and near to the dwelling-houses, stores and tenements of divers citizens of said state there situate, unlawfully and injuriously did collect and did cause and suffer to be collected, and to remain large quantities, to wit : three hundred cubic yards of offal, dung, manure, dirt, excrement, filth and

scrapings, and outflowings from the wharves, gutters, streets and sewers in said city of Portland, by reason of which said collecting and causing, and suffering to be collected and to remain, of said large quantities of offal, dung, manure, dirt, excrement, filth and scrapings, and outflowings from said wharves, gutters, streets and sewers, divers fetid, noisome, hurtful, pernicious and unwholesome smells and exhalations, on said first day of May and on said divers other days and times, there did and still do arise and proceed, whereby the air then and on said divers other days and times there was and still is corrupted and the health of the citizens of said state there inhabiting, residing and passing, have been and still are endangered and impaired, to the prejudice, damage and common nuisance of all good citizens of said state there inhabiting, residing and passing, against the peace of said state, and contrary to the form of the statute in such case made and provided."

To this indictment the respondent demurred and the demurrer was overruled by the presiding justice and the respondent alleged exceptions.

*Ardon W. Coombs*, county attorney, for the state, cited: *State* v. *Payson*, 37 Maine, 361; R. S., c. 16, § § 2, 6. *Franklin Wharf* v. *Portland*, 67 Maine, 46; *Haskell* v. *New Bedford*, 108 Mass. 214; *Brayton* v. *Fall River*, 113 Mass. 225; *Merrifield* v. *Worcester*, 110 Mass. 216; *Manufacturing Company* v. *Worcester*, 116 Mass. 458; *Boston R. Mills* v. *Cambridge*, 117 Mass. 399; *State* v. *Freeport*, 43 Maine, 198; *State* v. *P. & K. R. R. Co.* 57 Maine, 402; *Rex* v. *Medley*, 6 C. and P. 403; *Regina* v. *Stephens*, L. R. 1 Q. B. Cas. 702; *Louisville, &c. R. R. Co.* v. *State*, 3 Head (Tenn.), 523; *State* v. *Morris & Essex R. R. Co.* 33 Zab. (N. J.) 360; *Com.* v. *Nashua & Lowell R. R. Co.* 2 Gray, 54; *Reg.* v. *G. N. &c. R. R. Co.* 9 Q. B. 315; *Com.* v. *New Bedford Bridge Co.* 2 Gray 339; 2 Dill. Mun. Corp. § 746.

*William H. Looney*, city solicitor, for the city of Portland.

It is a clear principle of the English law, that all corporations municipal as well as private, which owe duties to the public are

not liable to indictment for malfeasance, *unless the duty is devolved upon the corporation by prescription or by statute.* . . . . . "it must be a duty or obligation of a public nature, and one, mandatory in its nature, and not discretionary." Dillon on Mun. Corp. (3d ed.) vol. 2, § 931.

In this country the same principles have been recognized, and corporations are generally regarded as indictable for malfeasance as well as nonfeasance respecting duties of a public nature, plainly enjoined by the legislature for the benefit of the public. *Idem*, § 932.

Unless changed by statute the common law prevails. A municipal corporation can be indicted only for neglect of duties enjoined by law. *State* v. *Great Works M. & M. Co.* 20 Maine, 41 ; *Brown* v. *South Kennebec Ag. Soc.* 47 Maine, 275 ; *Small* v. *Danville*, 51 Maine, 359 ; *C. & O. Canal Cor.* v. *Portland*, 56 Maine, 77.

Municipal corporations have frequently been indicted for failure to discharge the duty with respect to the maintenance of public highways, but this is because the duty is imposed upon them by statute. *State* v. *Gorham*, 37 Maine, 451 ; *State* v. *Madison*, 63 Maine, 546 ; *State* v. *Beeman*, 35 Maine, 242. In *Blood* v. *Bangor*, 66 Maine, 154, the liability was imposed by statute. See *Darling* v. *Bangor*, 68 Maine, 111 ; *Child* v. *Boston*, 4 Allen, 41.

All that can be reasonably expected from the city is a due regard for the public interests and convenience. The city in the erection of public works which operate as a public benefit in improving the sanitary condition of the city is only liable for the negligent or careless execution of its duty. Woods' Law of Nuisances, p. 781, § 745.

BARROWS, J. The indictment charges, and the demurrer admits the unlawful commission of all the acts and facts which constitute a public nuisance, noisome, and prejudicial to the public health. The details indicate that it consists in fact of a great accumulation of filth around the outfall of a public sewer in the vicinity of a business street and wharves which are much frequented. The question is whether the public has a remedy

against the city by indictment. The city solicitor properly concedes that "corporations generally are regarded as indictable for malfeasance as well as non-feasance respecting duties of a public nature, plainly enjoined by the legislature, for the benefit of the public;" but he urges that the city ought not to be held to answer for a permissive nuisance arising from sewage matter deposited in tidewater, where there is no allegation of negligence or defect in the plan of the sewer (and all the difficulty there is, arises from the plan,) in adopting which the city has exercised its best judgment as to the proper location of the outfalls of the sewers, and has been guilty of no negligence, having constructed their sewers upon a system as good as any one knew how to build at the time of their construction.

While this plea, if supported by the proof, would suffice to relieve the city officials in the popular judgment from the blame of negligence, we do not think it amounts to a legal defence for the city upon a charge of creating and maintaining a public nuisance in the manner set forth in the indictment.

While evil intent, or negligence importing a greater or less degree of moral blame may and ordinarily does accompany the commission of a nuisance, it cannot be said that either is an essential element of the offence. On the contrary it is certain that there are cases where harm — "something that worketh hurt, inconvenience or damage,"—may occur either to the public or to individuals, when the actor is proceeding with good motives, and what would commonly be regarded as ordinary care. In other words there may be cases where the party in the exercise of his legal rights, is bound to afford absolute security to all not themselves in fault, from any evil consequences arising from his acts. Something more than the ordinary care, the want of which constitutes negligence in the ordinary acceptation of the term, is required. Thus, in *Drew* v. *The New River Company*, 6 Car. and Payne, 754, it was said that "where a public company has the right by law of taking up the pavements of the street for the purpose of laying down pipes, the workmen they employ are bound to use *such* care and caution in doing the work, as will *protect* the king's subjects, themselves using reasonable care,

from injury." So also, one may in the laudable pursuit of a manufacturing industry, unintentionally, and while acting according to his best light to prevent injury to the public or individuals therefrom, create a nuisance, of necessity, so to speak, on account of the place and character of the work, yet his good intentions and his care to avoid offence would not relieve him from legal liability to penalties, and the payment of damages to those who are in fact injuriously affected.

Or to use a different mode of expressing the same legal result and applying it to the facts of this case, the very act of accumulating, and permitting to remain, large masses of filth borne down by the sewers, in a place where they are prejudicial to public health, is *per se* proof conclusive of negligence, sufficient to sustain the charge of nuisance. Hence, in the suit of *The Franklin Wharf Company* v. *Portland*, 67 Maine, 46, where the cause of action was substantially the same which is here alleged to constitute a public nuisance, it is well said in summing up the discussion : "The right of the defendants to construct an outfall for their sewer in the sea does not include the right to create a nuisance public or private ; it is a right to make deposits temporarily and not a right to obstruct navigation permanently." See also, *Haskell* v. *New Bedford*, 108 Mass. 214 ; and *Brayton* v. *Fall River*, 113 Mass. 218, 230. In short, the city must at its peril make the outfall of its sewers where the deposits from them will be promptly removed by the reflux of the tides, so that they will not create a nuisance, either to public health or the right of navigation, or they must provide for their speedy removal in some other mode.

Where a power is expressly conferred by statute upon a public corporation (as it is in the matter of sewers, by R. S., c. 16, § § 2, 6,) it carries with it by implication the powers necessary for its proper performance and also the corresponding duties and obligations which grow out of the exercise of the power. It cannot be said that here is no public duty imposed by statute.

It remains to be seen only whether the public have a remedy by indictment for a failure in the performance of the defendants'

duty here; and it seems to follow that they have, according to the general rule conceded to be correct, with the statement of which this discussion commenced.

The doctrine of *State* v. *Great Works M. & M. Corporation*, 20 Maine, 41, was denied in *State* v. *Vermont Central R. R. Co.* 27 Vt. 103, 108, and *State* v. *Morris & Essex R. R. Co.* 3 Zab. 360, 366, and it has been—not overlooked—but disregarded in this state, in *State* v. *Freeport*, 43 Maine, 198, and *State* v. *P. & K. R. R. Co.* 57 Maine, 402. In the first of these cases the indictment was sustained, and in the last it was held defective only for want of a particular allegation, and not because it must needs fail for the sweeping reason given in 20 Maine, 41.

The doctrine laid down in *State* v. *Great Works M. & M. Corporation*, so far as it relates to indictments of this character, is not merely obsolete, but properly overruled upon grounds so satisfactory and heretofore so well stated by other courts, that it is needless to reiterate them. See *Commonwealth* v. *Proprietors of New Bedford Bridge*, 2 Gray, 345 and 346; *People* v. *Corporation of Albany*, 11 Wend. 539, and Freeman's note on that case, 27 Am. Dec. 99; *Mayor of New York* v. *Furze*, 3 Hill, 615.

*Exceptions and demurrer overruled.*

APPLETON, C. J., DANFORTH, VIRGIN and PETERS, JJ., concurred.