Norma N. CONNELLY, Executrix of the Estate of Daniel E. Connelly

v.

HOME LIFE INSURANCE COMPANY.

Supreme Judicial Court of Maine.

Argued June 16, 1981.

Decided July 27, 1981.

William R. Laney (orally), Skowhegan, for plaintiff.

Mitchell & Stearns, John W. Ballou (orally), Bangor, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY and ROBERTS, JJ.

ROBERTS, Justice.

Norma Connelly appeals from a judgment notwithstanding the verdict, entered for the defendant, Home Life Insurance Company, in Superior Court, Somerset County. In her complaint Mrs. Connelly claimed death benefits under a group life insurance policy issued by Home Life to the Irving Tanning Company, the employer of her deceased husband, Daniel Connelly. Mrs. Connelly contends on appeal that the trial court erred in refusing to instruct the jury that Irving Tanning was an agent of Home Life in administering the insurance plan. She also contends that there was sufficient evidence to support the jury finding that Home Life was estopped to deny coverage. Since we find no error, we affirm the judgment of the Superior Court.

From 1948 to November 1971, Daniel Connelly was employed as General Manager of the Irving Tanning Company plant in Hartland. In 1971, he resigned that position but during 1972 and 1973 he held the title of "Consultant" with an annual salary of less than two thousand dollars. Testimony at trial indicated that Irving employees contacted Connelly from time to time for information and advice and that he was at the plant frequently after his retirement except from November to April while he and his wife were at their winter home in Florida.

Home Life issued a group insurance policy to Irving Tanning, effective in February 1972. In April 1972 while residing in Florida, Daniel Connelly signed a "group insurance enrollment card" indicating his "basic earnings" as $1512 per year. The card also contained a printed representation that "I ... regularly work and at present am working at least 30 hours a week for [Irving Tanning] at the regular place of business or other location to which I am required to travel to perform the regular duties of my employment." Connelly received a certificate of insurance indicating that it was "Subject to all the Policy terms and conditions." The group insurance policy booklet provided an exception to eligibility for "any employee who does not normal-

ly engage in and perform the normal duties of his employment on a regular basis for the Policyholder for at least 30 hours per week."

On March 29, 1973, Daniel Connelly died as a result of an accident in his home, while residing in Florida. Mrs. Connelly filed a notice of claim for the insurance benefits. Home Life refused to pay the claim on the grounds that Connelly was not a full-time employee and therefore not covered by the group policy. At trial the jury returned a special verdict, answering "No" to the question "Was Daniel Connelly a full-time employee as defined in the policy at the time of his accident in 1972?" and "Yes" to the question "If the answer to the above question is no, is the Plaintiff entitled to recover from the defendant on the basis of estoppel?" Upon post-trial motion of Home Life, the presiding justice entered a judgment n. o. v., "based solely on the plaintiff's failure to establish any detrimental reliance on the part of Daniel Connelly or the plaintiff beneficiary." The justice expressed no opinion upon other reasons assigned by Home Life on its motion for a judgment n. o. v.

█ We find little merit in the plaintiff's contention that the trial court erred in refusing to instruct the jury that Irving Tanning was the agent of Home Life. On the evidence in this case, even viewed in the light most favorable to Connelly, the trial court was justified in instructing the jury that the holder of a group policy acts for the insured, not for the insurer. *Palmer v. Newport Trust Co.*, Me., 245 A.2d 438, 440 (1968). We see no reason to disturb that ruling by the trial court.

█ Although the parties have argued a variety of issues on appeal, we conclude, as did the trial court, that the absence of sufficient evidence of detrimental reliance is dispositive of the plaintiff's claim. Even if we assume, without deciding, that estoppel could apply in this situation, the plaintiff nevertheless had the burden of proving "(1) unreasonable conduct of the insurer which misleads the insured concerning the scope of his coverage and (2) justifiable

reliance by the insured on that conduct of the insurer." *Roberts v. Maine Bonding & Casualty Co.*, Me., 404 A.2d 238, 241 (1979). The conduct relied upon must have induced the insured "to do what resulted to his detriment, and what he would not otherwise have done." *Id.; Martin v. Prudential Insurance Co.*, Me., 389 A.2d 28, 31 (1978).

Without regard to whether the conduct of the insurer was unreasonable or was misleading to the insured concerning the scope of his coverage, the record in this case is absolutely devoid of any suggestion that Daniel Connelly took any action or failed to take any action or changed his position in reliance on anything done by Home Life. Testimony by Mrs. Connelly that her husband had mentioned the group life insurance and had told her many times that "You will be well taken care of if anything happens to me," falls far short of the requisite detrimental reliance. There is no evidence in the record as to whether Connelly neglected to obtain other insurance, whether any such failure was induced by reliance on any conduct of Home Life, or indeed, whether Connelly would have been able to obtain any additional insurance. Mrs. Connelly's expectation of insurance benefits certainly cannot rise to the level of detrimental reliance.

We find it unnecessary to discuss the other issues raised by the parties, and we express no opinion thereon. We hold that the Superior Court acted without error in granting the motion for judgment n. o. v. and entering judgment in favor of the defendant.

The entry is:

Judgment affirmed.

All concurring.