KRISTINE SIMIONI, a Minor, by her Mother and Next Friend, Charlene Simioni Cagney, Plaintiff-Appellant, v. THE CONTINENTAL INSURANCE COMPANIES, Indiv. and d/b/a National Ban Franklin Insurance Company, Defendant-Appellee.

First District (5th Division)   No. 84—1890

Opinion filed August 16, 1985.

Heller & Morris & Associates, Ltd., of Chicago (Anthony J. Basile, of counsel), for appellant.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini and Margaret J. Orbon, of counsel), for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Kristine Simioni (plaintiff), appeals from the summary judgment entered in favor of defendant, Continental Insurance Companies, individually and doing business as National Ben Franklin In-

surance Company (National Ben).[1] In August of 1980, plaintiff was injured in an automobile accident involving Martin Garofalo (Martin). At the time of the accident, Martin was driving his own car, insured under his name with National Ben under a policy issued to him as the named insured. Martin's father, Dominick P. Garofalo (Dominick), concurrently carried insurance for his own car with National Ben under a separate policy issued to Dominick as the named insured. Martin's car was not listed as an insured vehicle under Dominick's policy.

Following the August 1980 accident, plaintiff brought suit against Martin for injuries received in the accident. In 1983, plaintiff initiated the present action against National Ben for declaratory judgment that Dominick's policy with National Ben affords plaintiff additional coverage for Martin's liabilities. Plaintiff asserted that Martin, as a member of Dominick's household, was an insured party under Dominick's policy, and that Martin's car was insured under the "non-owned automobile" clause of the same policy. National Ben subsequently moved for summary judgment, alleging that Martin was not insured under Dominick's policy at the time of the accident since he was driving a car which was neither his father Dominick's nor a "non-owned" vehicle under the terms of Dominick's policy. The court granted National Ben's motion, and plaintiff moved for a rehearing. Following the rehearing, summary judgment was again granted in favor of National Ben. This appeal followed.

OPINION

The central issue before us is whether the policy insuring Dominick's car provided coverage for the car owned and operated by his son Martin at the time of the accident. Dominick's policy provides coverage for bodily injuries and property damage which become the legal obligation of insured persons. Persons insured under the policy are defined as follows:

"(a) with respect to the owned automobile, (1) the named insured and any resident of the same household, ***."

"(b) with respect to a non-owned automobile, (1) the named insured, (2) any relative, ***."

As stated, the policy covers Dominick or any person residing in the same household while driving the "owned automobile," Dominick's car. Since Martin resided in Dominick's house at the time of the accident, he would have been covered under Dominick's policy had he

---

[1] In its brief, appellee submits that its proper title herein is solely "National Ben Franklin Insurance Company."

been driving Dominick's car at the time.

The policy further states that coverage is provided for Dominick or "any relative" when driving a "non-owned automobile." The relationship between Dominick and Martin is undisputed. Thus, the question before us is whether Martin's car qualifies as a "non-owned automobile" under Dominick's policy.

Dominick's policy defines a "non-owned automobile" as "an automobile or trailer not owned by or furnished for regular use of either the named insured or any relative, other than a temporary substitute automobile." The car driven by Martin at the time of the accident was both owned by him and insured in his name. Thus, Martin's car is clearly outside the scope of the "non-owned automobile" provision in Dominick's policy. Further, since Martin was driving neither his father Dominick's car nor a "non-owned automobile" at the time of the accident, Dominick's policy provides no coverage for his liability.

■ Plaintiff nonetheless contends that the "non-owned automobile" provision is ambiguous, and, consequently, should be construed to provide coverage for Martin in this situation. All ambiguities in an insurance policy should be resolved in favor of the insured. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 423, 401 N.E.2d 539.) Here, however, the policy language is unambiguous, thus precluding any need for construction of the policy (78 Ill. 2d 420, 423, 401 N.E.2d 539). Moreover, this court considered an identical provision in *Old Mutual Casualty Co. v. Clark* (1977), 53 Ill. App. 3d 274, 368 N.E.2d 702. There, coverage for a live-in son owning and operating his own vehicle was claimed under the "non-owned automobile" provision of his parents' policy. We there held that the "non-owned" provision was not ambiguous and that the provision in the parents' policy did not provide coverage for the son when operating his own automobile. (53 Ill. App. 3d 274, 278-79, 308 N.E.2d 702.) In sum, we similarly conclude that the "non-owned automobile" provision of Dominick's policy is not ambiguous and that Dominick's policy does not provide coverage for the accident involving Martin's own automobile.

■ Plaintiff's final contention is that, despite the language of Dominick's policy, we should nevertheless construe the policy to provide coverage for plaintiff's injuries. Plaintiff here maintains that public policy dictates the compensation for the injuries of innocent parties. Public policy, however, does not require the invalidation of clearly written policy provisions simply to satisfy a party seeking compensation. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 426, 401 N.E.2d 539.) Given the clarity of the provisions before us,

we find plaintiff's policy contention to be without merit.

For all of the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

SULLIVAN and LORENZ, JJ., concur.