M. Paula BEDELL

v.

Ronald S. COLE, et al.

Supreme Judicial Court of Maine.

Argued April 25, 1994.
Decided May 25, 1994.

Peter S. Lee (orally), Yarmouth, for plaintiff.

Anne H. Cressey (orally), Richardson & Troubh, Portland, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

RUDMAN, Justice.

M. Paula Bedell appeals from the entry of a summary judgment in the Superior Court (Cumberland County, *Cole J.*) in favor of the defendants Ronald, Wendy, and Gregory Cole in an action Bedell had brought against them for trespass and nuisance. Because we agree with the Superior Court that Bedell has no legal basis for seeking relief from the Coles for damages incurred as a result of a natural disaster, we affirm the judgment.

Following the torrential rains of Hurricane Bob in August 1991, a mudslide occurred on the back sloping land of a lot in Yarmouth owned by the Coles. The slide deposited a large amount of earth in Bedell's backyard, causing damage to her garden and some minor structural damage to her house.

Bedell requested that the Coles remove the mound of earth. When the Coles would not comply with her repeated requests, she brought suit against them alleging continuing trespass and continuing nuisance. The Superior Court (Cumberland County, *Cole J.*) granted the Coles' motion for a summary judgment on the grounds that there was no material dispute as to the facts and that the Coles were entitled to judgment as a matter of law. M.R.Civ.P. 56. Bedell brought this timely appeal.

 To defeat a motion for a summary judgment, the party having the burden of proof at trial must produce evidence that would be sufficient to resist a motion for a judgment as a matter of law if that party produced nothing more at trial than was before the court on the summary judgment motion. *Estate of Althenn v. Althenn,* 609 A.2d 711, 714 (Me.1992). Bedell failed to meet her burden. There is no cause of action grounded in trespass or nuisance for the mere failure to remove earth deposited on a neighbor's property as a result of a natural condition or disaster. *See* Restatement (Second) of Torts § 840(1) (1977) ("[A] possessor of land is not liable to persons outside the land for a nuisance resulting solely from a natural condition of the land."). To hold the Coles liable for the damage to Bedell's land would be contrary to the statutory and common law doctrines of trespass and nuisance. *See* 14 M.R.S.A. § 7552 (Supp.1993); 17 M.R.S.A. § 2802 (1983). *See also Foley v. H.F. Farnham Co.,* 135 Me. 29, 31, 188 A. 708 (1936).[1]

The entry is:

Judgment affirmed.

All concurring.

---

1. Bedell's reliance on *State v. City of Portland,* 74 Me. 268 (1883), is misplaced. In that case, this Court held that the City was liable for the nuisance created by the collection of raw sewage or "offal" that had collected in the streets. *Id.* at 268–69. Putting aside for the moment our disinclination to create a similar absolute duty in the instant circumstance, *City of Portland* is inapposite in that it involved an affirmative act on the part of the City in allowing the filth to collect. In the instant case the fallen earth was the result of a natural occurrence—a hurricane—which the Coles did not create and could not have prevented.