MAINE MUTUAL FIRE INSURANCE
COMPANY,

v.

Andrew N. GRANT, et al.

Supreme Judicial Court of Maine.

Argued Jan. 2, 1996.

Decided April 12, 1996.

Harold L. Stewart, II (orally), Stewart Law Office, Presque Isle, for Plaintiff.

Peter S. Kelley (orally), Caribou, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, DANA, RUDMAN, and LIPEZ, JJ.

RUDMAN, Justice.

Andrew Grant, Clinton Perry and Angela Perry appeal from a summary judgment entered in the Superior Court (Aroostook County, *Pierson, J.*) in favor of Maine Mutual Fire Insurance Company on its action for a declaratory judgment declaring that the terms of an umbrella liability policy issued to Andrew Grant's parents, Norman and Elaine Grant, provide no coverage to Andrew Grant for claims brought against him by Clinton Perry and Angela Perry. We affirm.

Andrew Grant's parents were named insureds and Andrew was listed as an additional "operator" in an umbrella liability policy issued to the Grants by H.O. Perry & Son Company (H.O. Perry) acting as an agent for Maine Mutual. When, in July 1992, Andrew Grant purchased a 1991 Ford Bronco, he contacted H.O. Perry seeking automobile liability insurance under his father's insurance policy. H.O. Perry's representative told Andrew that to insure the Bronco under his

father's policy Andrew should register the Bronco jointly in both his name and his father's name. Andrew complied with this advice, and the Bronco was added to an automobile liability policy issued by Commercial Union Insurance Company to Norman Grant.

In November 1992 Andrew, while driving his Ford Bronco, was involved in an automobile accident in which the Perrys were injured. After the accident the Grants initially received assurances from H.O. Perry that their Maine Mutual umbrella liability policy would cover claims arising from Andrew's accident. Ultimately, however, Maine Mutual denied coverage on the basis that Andrew was operating a vehicle owned by him and therefore claims resulting from the accident were not covered by the Grants' umbrella policy. Claiming that the policy was unambiguous, Maine Mutual brought this action for declaratory judgment seeking a declaration that because Andrew Grant owned the Ford Bronco involved in the accident he and it were excluded from coverage under his parents' umbrella policy. The parties moved for a summary judgment and the court granted a summary judgment in favor of Maine Mutual. This appeal, in which the Perrys joined, followed.

### Estoppel

▪ The defendants first contend that Maine Mutual is "liable for" and "bound by" the "misrepresentations" of their agent H.O. Perry, whose employee they claim represented to Andrew and Norman Grant that Andrew was covered by the Maine Mutual umbrella policy. In effect, the defendants contend that Maine Mutual is estopped from denying coverage based on the misrepresentations of its agents.[1] We disagree.

▪ The materials before the Superior Court are insufficient to support defendants' estoppel theory as a matter of law and are therefore inadequate to withstand a motion for a summary judgment. *See Bedell v. Cole,* 642 A.2d 169 (Me.1994) (stating that to defeat a motion for a summary judgment, the party with the burden of proof must produce evidence that would be sufficient to resist judgment as a matter of law if that party produced nothing more than was before the court on a summary judgment motion). An insurer may be estopped from denying coverage when the party claiming coverage has demonstrated (1) unreasonable conduct of the insurer that misleads the insured concerning the scope of his coverage and (2) justifiable and detrimental reliance by the insured upon the insurer's conduct. *See Allstate Ins. Co. v. Elwell,* 513 A.2d 269, 272 (Me.1986); *Connelly v. Home Life Ins. Co.,* 432 A.2d 1235, 1236 (Me.1981). To withstand a motion for summary judgment on the issue of estoppel in a case involving insurance coverage, the party claiming the estoppel must present facts tending to show both of these elements. *Hunnewell v. Liberty Mut. Fire Ins. Co.,* 588 A.2d 300, 302 (Me.1991). The defendants present no such evidence.

The defendants' contention that Maine Mutual's employees misled Andrew into believing that he was covered by the umbrella policy are based solely on unsupported and self-serving statements. In their statement of material fact the defendants, without any

---

1. Although defendants couch their argument in terms of agency, the issue actually presented is one of estoppel. The cases cited by the defendants in support of their argument are factually distinguishable and, therefore, inapplicable to the present case. The cases cited by the defendants that indicate that an insurer is "bound" by a contract entered into by their agent relate to the issue of whether there is an enforceable insurance contract between the parties. *See, e.g., Hurd v. Maine Mut. Fire Ins. Co.,* 139 Me. 103, 27 A.2d 918 (1942); *Armstrong v. United Ins. Co.,* 98 Ill.App.3d 1132, 54 Ill.Dec. 313, 424 N.E.2d 1216 (1981). In these cases the insurer attempts to avoid the contract by claiming their agent lacked authority to enter into the contract. *Id.* Courts are generally hostile to such attempts at avoidance and hold that the insurer, as principal, is "bound" by the agent's contract. *Id.* This factual scenario, however, is not presented here. Maine Mutual does not deny the existence of a binding insurance contract between them and Andrew Grant's parents. Maine Mutual contends, rather, that the coverage of its policy does not extend to Andrew Grant's accident. The dispute in the present case, therefore, is not over the existence of a policy but over the extent of coverage provided by the umbrella policy.

supporting record references as required by M.R.Civ.P. 7(d)(2),[2] state:

> Andrew and Norman Grant contacted H.O. Perry ... to make certain that Andrew Grant and the new vehicle would be covered under the auto and umbrella policies. The Grants' long time service representative at H.O. Perry ... directed the Grants to jointly register the Bronco in the names of Norman and Andrew Grant in order to guarantee that the umbrella and auto coverage extend to Andrew Grant.

The Grants point to no factual support for this statement. In fact, the record compels the contrary conclusion that Andrew had not sought coverage under his father's umbrella policy. The H.O. Perry employee who insured the Bronco stated no less than thirteen times in her deposition that there was no discussion of coverage under the umbrella policy at the time the Bronco was insured. Andrew Grant, in his deposition, states that he could recall no discussions of coverage under the umbrella policy prior to the accident.

The defendants' estoppel argument also fails because of the absence of any evidence of detrimental reliance by Andrew Grant. The record is devoid of any evidence that Andrew Grant took any action or failed to take any action in reliance on anything done or said by employees of H.O. Perry acting as agents for Maine Mutual. There is no evidence in the record that Andrew Grant neglected to obtain other insurance, that any such failure was induced by reliance on any conduct of Maine Mutual or its agent, or that Andrew Grant could have obtained umbrella coverage elsewhere. Andrew's failure to present any facts tending to demonstrate either unreasonable conduct by the insurer or his own detrimental reliance on such conduct disposes of the defendants' estoppel claim. *See Kraul v. Maine Bonding & Casualty Co.*, 600 A.2d 389, 391 (Me.1991); *Connelly v. Home Life Ins.*, 432 A.2d 1235, 1236 (Me.1981).

### Ambiguity

The defendants further contend that the court erred in concluding that the language of the umbrella policy was unambiguous.

> If a written contract is ambiguous, summary judgment may not be granted because an unresolved factual issue, *i.e.*, the intent of the parties, remains for the trier of fact. The question of whether an insurance contract is ambiguous is a question of law for the court to resolve. If a contract is unambiguous, its construction is a matter of law for the court.

*Banker's Life Ins. Co. v. Eaton*, 430 A.2d 833, 834 (Me.1981) (citations omitted). An insurance policy is ambiguous only if an ordinary person would not understand that the policy did not cover certain claims. *Patrons Oxford Mut. Ins. Co. v. Marois*, 573 A.2d 16, 19 (Me.1990) (stating that insurance policies routinely contain words, phrases, and paragraphs that a first time reader may not understand); *see also Baybutt Constr. Corp. v. Commercial Union Ins. Co.*, 455 A.2d 914 (Me.1983) *overruled on other grounds by Peerless Ins. Co. v. Brennon*, 564 A.2d 383 (Me.1989) (stating that language of insurance policy would be viewed by the court from the standpoint of average ordinary person).

■ The defendants take issue with the clarity of the following portion of the umbrella policy's definitional section:

> In this policy, "you" and "your" mean the "named insured" in the Declarations and spouse if a resident of your household.
>
> .    .    .    .    .

---

2. M.R.Civ.P. 7(d)(2) provides in pertinent part (emphasis added):

    > The party opposing a motion for summary judgment shall file with the material required by subdivision (c) of this rule a separate, short and concise statement of material facts supported by *appropriate record references,* as to which it contends there exists a genuine issue to be tried.

    The purpose of this requirement is to focus the court's attention on those portions of the record that are at issue and to spare the court the burdensome task of scouring the record to see if there is any support for unreferenced allegations or general denials. *See* M.R.Civ.P. 7 advisory committee's note to 1990 amend., Me.Rptr. LXXIII; *Gerrity Co., Inc. v. Lake Arrowhead Corp.*, 609 A.2d 293, 295 (Me.1992). The importance of complying with this requirement is underscored by the extensive record in this case. More than seven hundred pages of deposition testimony and numerous exhibits were before the Superior Court for its consideration in deciding this motion.

7. "insured" means you and
  a. the following residents of your household:
    (1) your relatives;
    (2) a person under age 21 in your care
  b. ...·
  but as respects autos, boats and recreational vehicles, *only as stated below:*
  c. ...
  d. an insured using other autos (with a reasonable belief or having permission to do so) not owned by or furnished for their regular use;

 This section of the Maine Mutual umbrella policy is not ambiguous. The language communicates to the reader that the insurance policy extends to the "named" insureds coverage different from coverage extended to other insureds. In paragraph seven, Maine Mutual sets out for the reader an explicit statement of the parameters of the umbrella policy, highlighting the policy's limitations with respect to motor vehicles in a separate clause. The Maine Mutual policy in plain, specific, and understandable language informed Norman and Elaine Grant that the umbrella policy did not apply in instances where the automobile accident involved a person other than a "named insured" who was at the time of the accident operating a vehicle owned by that person. The provision is not ambiguous. *Allstate Ins. Co. v. Elwell,* 513 A.2d 269 (Me.1986). Nor does the circular use of the term "insured" to define who is an "insured" render the clause ambiguous. *Elwell,* 513 A.2d at 270 (stating that the fact that an insurance policy contains interrelated language does not render policy ambiguous). Other courts called on to determine the validity of similar clauses appearing in automobile liability policies uniformly have found that such provisions are not ambiguous. *See, e.g. Schuster v. Shelter Mut. Ins. Co.,* 857 S.W.2d 381 (Mo.Ct.App.1993) (stating that clause excluding from coverage nonowned auto, defined as "an auto owned by ... or furnished or available for the regular use of ...," was not ambiguous); *Simioni v. Continental Ins. Co.,* 135 Ill.App.3d 916, 90 Ill.Dec. 615, 482 N.E.2d 434 (1985) (clause in policy that defined nonowned automobile as one not owned by or furnished for the regular use of named insured not ambiguous). *See also* 12 COUCH ON INSURANCE 2D § 45:253 (Rev.Ed.1981 & Supp.1995) (provisions excluding from coverage automobiles owned by relatives generally held to be unambiguous).

The entry is:

Judgment affirmed.

All concurring.