FREDERICK W. HINCKLEY ET AL *vs.* THOMAS GIBERSON ET AL.

Cumberland.      Opinion October 3, 1930.

*Hinckley, Hinckley & Shesong*, for plaintiffs.
*Harry L. Cram*,
*Lauren M. Sanborn*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.   PHILBROOK, A. R. J.

BARNES, J.   This is an action in assumpsit, brought by a firm of lawyers, to recover for legal services rendered and expenses incurred in the conduct of a suit in equity between one of the defendants here and parties who are strangers to this suit.

The contract of hire is in writing.  It reads:

"Caribou Maine Oct. 19, 1926

Memorandum of agreement made and entered into this nineteenth day of October 1926 witnesseth as follows:

In consideration that Hinckley, Hinckley & Shesong of Portland, Maine will take the case of *Thomas Giberson* v. *Grover Hardison*, Judson Briggs and Liab Shaw, trustees to recover said Giberson's farm located in Caswell plantation Aroostook County and prosecute the same, I the undersigned Thomas Giberson, and I. E. H. Doyle both of said Caribou, agree to pay said Hinckley, Hinckley & Shesong as a fee for their services either the sum of five thousand ($5000) dollars, or one third the fair market value of said farm at the time it is repossessed, or judgment against said Giberson rendered by any court in said State of Maine before which action may be brought, said appraisal to be made by three disinterested appraisers to be appointed by the parties hereto, one by said Giberson and one by said Shesong and the third by the two selected as aforesaid.

The consideration for said Doyle's agreement hereto being a certain agreement made between said Giberson and said Doyle. In the event of the fee of $5000. being agreed upon, said amount is to be in addition to necessary expenses in prosecuting said action, and as a further consideration said Doyle has paid to said Shesong the sum of $200. as a retainer, which is to be deducted from said $5000. or said one third of the appraised value of said farm at the time of final adjustment.

In witness whereof the said Parties have hereunto set their hands this nineteenth day of October 1926.

Witness.                                    Hinckley, Hinckley & Shesong
                                                By L. G. Shesong
                                            Thomas Giberson
                                            E. H. Doyle".

The wording of the contract may be held to render interpretation necessary. Its indefiniteness, if any, is in the expression of the method of arriving at the amount to be earned.

Defendants contend that under the agreement evidenced by the contract of hire plaintiffs engaged to undertake the contemplated litigation on shares.

In this state it is a crime for anyone to contract or agree to bring or prosecute any suit in equity upon shares.

We need to enter upon no disquisition on champertous engagements, for our R. S., Chap. 124, Sec. 12, provide that whoever "brings, prosecutes or defends, or agrees to bring, prosecute or defend, any suit at law or in equity upon shares, shall be punished by fine . . . or by imprisonment."

Such has been our law since the enactment of Chap. 57 of the Public Laws of 1878.

If plaintiffs contracted to conduct the litigation and take for their pay a share of the value of the equity in the farm which might be returned to one of the defendants, they brought and prosecuted the suit upon shares.

From brief of plaintiffs we find their interpretation of the contract of hire, so far as they express it, to be that defendants were

to pay the costs of suit and lawyer's expenses, and a minimum fee of $5,000.00 for professional services.

But the contract to furnish such services was on an agreement to pay "either the sum of five thousand ($5000) dollars, or one third the fair market value of said farm etc."

This we hold to be an agreement to bring and prosecute the suit upon shares; and we can not conclude that the uncertainty presented in the last sentence of the contract, or the fact the writ is brought to collect but $5,000.00 renders the agreement anything other than upon shares.

In the language of Judge Kent more than a half century ago, "It is too well settled to require the citation of authorities that no party can recover for acts or services done in direct contravention of an express statute." *Harding* v. *Hagar*, 60 Me., 340.

And in a later case, wherein the above is reviewed it is expressed as the law in this state, "It is perfectly settled that where the contract which the plaintiff seeks to enforce, be it express or implied, is expressly or by implication forbidden by the common or statute law, no court will lend its assistance to give it effect. It is equally clear that a contract is void if prohibited by a statute, though the statute inflicts a penalty only, because such a penalty implies a prohibition." *Randall* v. *Tuell*, 89 Me., 443.

*Judgment for defendants.*