ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee, *v.* SHAKER ODEH, *et al.*, Defendants-Appellants.

First District (5th Division) No. 83—1952

Opinion filed July 13, 1984.

Roderick F. Mollison, of Chicago, for appellants.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Peter C. Morse, of counsel), for appellee.

· PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendants, Shaker Odeh and his wife, Madeline Odeh, appeal from a declaratory judgment entered in favor of plaintiff, Allstate Insurance Co., which found that plaintiff had no obligation to defend or to indemnify defendant, Shaker Odeh. We affirm.

This cause arose out of a collision with a bus in which defendant Madeline Odeh was injured in an automobile driven by defendant

Shaker Odeh. Madeline Odeh filed suit against the bus company and driver who in turn filed a third-party complaint for indemnity and contribution against Shaker Odeh. The Odehs had been issued a policy of insurance by plaintiff which provided for bodily injury and property damage insurance arising from automobile accidents. Plaintiff filed its complaint for declaratory judgment, praying that the court find that it had no duty to defend or to indemnify because of a policy exclusion which provided that "[t]his coverage does not apply to liability for: *** (6) Bodily injury to any person related to a person insured by blood, marriage, or adoption and residing in that person's household." The trial court held that plaintiff had no duty to defend or to indemnify. Defendants appeal.

OPINION

Plaintiff raises two issues on appeal. First, he contends that an insurance company's duty to defend cannot be avoided by the mere filing of a third-party complaint for contribution. Second, he contends that the contract of insurance at issue in the instant case is ambiguous and must accordingly be construed against plaintiff.

In support of his first contention, plaintiff asserts that the release of an insurer from its contractual duties to defend and to indemnify, prior to a determination of the issues raised by the third-party complaint, violates due process of law. "In this jurisdiction an insurer's duty to defend an action against its insured is determined by the allegations of the complaint. [Citations.] An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the complaint that the allegations fail to state facts which bring the case within, or potentially within, the policy's coverage." (*Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388, 393, 442 N.E.2d 245.) The relevant question before us then is whether the third-party complaint against Shaker Odeh alleged facts which would potentially bring the case within the policy's coverage.

This question was answered by this court in *State Farm Mutual Automobile Insurance Co. v. Suarez* (1982), 104 Ill. App. 3d 556, 432 N.E.2d 1204. The court in *Suarez* held that a clause providing that "*** There is no coverage *** for any bodily injury to *** any member of the family of the insured residing in the same household as the insured ***" justified summary judgment for the insurer as to the existence of a duty to indemnify in a similar factual setting. *Suarez* was followed in *State Farm Mutual Automobile Insurance Co. v. Palmer* (1984), 123 Ill. App. 3d 674, 459 N.E.2d 1075. The policy before us is not sufficiently distinguishable from the policies in *Suarez* and

*Palmer* to justify departing from the holdings of those cases. We conclude, therefore, that the third-party complaint for contribution fails to allege facts which would potentially bring the case within the coverage of the policy. It follows therefrom that there is no duty to defend under the policy. (*Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388, 393, 442 N.E.2d 245.) This is so not because there is no duty to indemnify but because there is no coverage under the policy. See 92 Ill. 2d 388, 394.

Defendants' argument that the policy is ambiguous is also, we believe, refuted by *Suarez*. (*State Farm Mutual Automobile Insurance Co. v. Suarez* (1982), 104 Ill. App. 3d 556, 558-59, 432 N.E.2d 1204.) We also find no merit to defendants' constitutional argument that due process requires an adjudication of the third-party contribution action before a declaration of rights may properly be made. We perceive this essentially as an attack on the declaratory judgment procedure, which we view as unquestionably within due process limits. See Ill. Ann. Stat., ch. 110, par. 2—701, Historical and Practice Notes, at 6 (Smith-Hurd 1983).

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

LORENZ and SULLIVAN, JJ., concur.