**Ellen SMITH**

v.

**ALLSTATE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued Sept. 13, 1984.

Decided Oct. 29, 1984.

Berman, Simmons & Goldberg, P.A., Paul F. Macri (orally), Lewiston, for plaintiff.

Hewes, Culley & Beals, James B. Haines, Jr. (orally), George W. Beals, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Ellen Smith appeals from a summary judgment granted to the defendant, Allstate Insurance Company (Allstate), by the Superior Court, Knox County. We affirm the judgment as to Counts II and III of the complaint and vacate the judgment as to Count IV because of lack of standing of the plaintiff.

The plaintiff, a passenger in a pickup truck driven by Alan Elwell, was injured when the truck collided with another vehicle. At the time of the accident, the plaintiff and Elwell were married and residing in the same household. The Elwell truck was insured by a policy issued by Allstate. The plaintiff and Elwell were both insured by the terms of the policy. After divorcing

Elwell, the plaintiff instituted this action against Elwell and Allstate.

By Count I of the complaint, the plaintiff seeks from Elwell damages for the injuries caused by his negligence; Count II seeks recovery against Allstate under the uninsured motorist provision of the policy; Count III seeks interest from Allstate on any amounts due the plaintiff under either the liability or the uninsured motorist provisions of the policy; Count IV against Elwell and Allstate seeks a declaration that, under the liability provisions of the policy, Allstate is obligated to defend Elwell on Count I of the complaint and to indemnify him for any judgment the plaintiff may secure against Elwell. Allstate denied any responsibility to defend or indemnify Elwell because of a coverage exclusion set forth in the policy and denied that the Elwell truck was an uninsured motor vehicle under the terms of the policy.[1] Allstate filed a motion for summary judgment as to Counts II, III and IV. There were no issues of fact presented to the Superior Court. The Superior Court held the policy by its terms excluded the plaintiff from any recovery against Allstate and accordingly entered a judgment for Allstate from which the plaintiff, having obtained the appropriate Rule 54(b) order, now appeals.[2]

### I.

■ In the first instance, we will determine the plaintiff's standing to seek declaratory relief against Allstate. The standing of a plaintiff to invoke judicial relief may be raised by the court on its own motion for the first time on appeal. *McNicholas v. York Beach Village Corp.*, 394 A.2d 264, 266 (Me.1978).

---

**1.** Enumerated in the policy as an exclusion from liability coverage is "bodily injury to any person who is related by blood, marriage or adoption to an insured against whom claim is made if such person resides in the same household as such insured."

**2.** M.R.Civ.P. 54(b) provides in pertinent part:

By Count IV of her complaint, the plaintiff attempts to enforce claimed obligations owed by Allstate to Elwell predicated upon Allstate's contract of insurance with Elwell. Section I of the Allstate policy provides in pertinent part:

Allstate will pay for an insured all damages which the insured shall be legally obligated to pay because of:

1. bodily injury sustained by any person

. . . .

Allstate will defend, at its own expense and with counsel of its choice, any lawsuit, even if groundless, false or fraudulent, against any insured for such damages which are payable under the terms of this Section, but may make such settlement of any claim or suit it deems expedient.

■ A plaintiff seeking declaratory relief must present for the court's consideration a justiciable controversy, previously defined by this court as "a claim of right buttressed by a sufficiently substantial interest to warrant judicial protection." *Berry v. Daigle*, 322 A.2d 320, 326 (Me.1974). A necessary element of justiciability is standing, the absence of which impairs the subject matter jurisdiction of the court. 2 Field, McKusick & Wroth, *Maine Civil Practice* § 57.1 at 361 & n.18.30 (2d ed. Supp.1981). Were the plaintiff herself sued by reason of her ownership, maintenance, or use of the insured vehicle, she could appropriately seek declaratory relief to determine Allstate's obligation to defend her as an insured under the policy. However, she has no judicially protectible interest in whether Allstate or independent counsel secured by Elwell provides his defense in her negligence action against him.

[W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Nor can the plaintiff now properly pursue a claim against Allstate for damages claimed in Count I of her complaint. Allstate's liability, if any, to the plaintiff is predicated upon its contract of insurance with Elwell. Until there is a final determination of the liability of Elwell, the insured tortfeasor, the plaintiff has no right of action against Allstate. *See* 24–A M.R.S.A. § 2904 (1974) (requiring final judgment against tortfeasor as condition precedent to right of injured party to institute action against tortfeasor's liability insurer); *see also Associated Hospital Service of Maine v. Maine Bonding & Casualty Company*, 476 A.2d 189, 190–91 (Me.1984). Because we hold that Ellen Smith lacks standing to request the declaratory relief she seeks in Count IV of her complaint, we vacate and remand for dismissal that portion of the judgment.

## II.

■ By Count II of her complaint, the plaintiff claims, in the alternative, that if the Allstate policy precludes liability coverage for her injuries, then by the terms of the policy, Elwell is an uninsured motorist as to her. While the plaintiff, as an insured under the Allstate policy, does have standing to challenge the denial of her claim under the uninsured motorist provision of the Allstate policy, we affirm the judgment of the Superior Court on the authority of our decision in *Turcotte v. Foremost Insurance Co.*, 460 A.2d 1369 (Me. 1983). As did the policy in *Turcotte,* the Allstate policy provides coverage for injury to an "insured" resulting from the actions of the owner or operator of an "uninsured automobile." Thus, plaintiff can avail herself of the uninsured motorist coverage only if under the terms of the policy she was an "insured" and Elwell's truck was

an "uninsured automobile." The term "insured" as defined in the policy, includes "the spouse of any ... named insured ... while a resident of the same household." The Elwell truck was an "insured automobile;" according to the policy definition of that term, because it was "described in the declaration [on the face of the policy] as an insured automobile to which the bodily injury liability coverage of the policy applies." Thus, the plaintiff was an "insured" within the terms of the policy. The pickup truck, however, was not an "uninsured automobile." A controlling provision in the policy states that "the term 'uninsured automobile' shall not include: (i) an insured automobile." The pickup truck as an "insured automobile," is expressly excluded from being an "uninsured automobile," and plaintiff cannot recover under the policy's uninsured motorist coverage.

■ Since the plaintiff has not secured a judgment against Elwell, Count III of her complaint seeking interest on amounts due her is premature. The Superior Court properly entered a summary judgment for Allstate on this Count.

The entry is:

Judgment affirmed as to Counts II and III of the plaintiff's complaint; judgment as to Count IV is vacated and remanded to the Superior Court for dismissal consistent with the opinion herein.

All concurring.