Robert F. **HUNNEWELL**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued Nov. 13, 1990.
Decided March 22, 1991.

---

William H. Childs (orally), Childs, Emerson, Rundlett, Fifield & Childs, Portland, for plaintiffs.

James C. Hunt (orally), Robinson, Kriger, McCallum & Greene, P.A., Portland, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

1. Family exclusion clauses are generally valid and enforceable in the state of Maine as long as they appear in the policy in unambiguous, readable, unequivocal language. 24–A M.R.S.A. § 2902–A (1990); *Allstate Ins. Co. v. Elwell,* 513 A.2d 269, 271 n. 3 (Me.1986).

2. Liberty Mutual, when notified of the suit, filed an answer on Laurie's behalf to prevent her from being defaulted, but denied any obligation to defend or indemnify. Liberty Mutual advised Laurie to retain her own counsel and instructed its attorney to seek permission from the court to withdraw. The motion to withdraw

CLIFFORD, Justice.

Plaintiff Robert F. Hunnewell, on behalf of his minor children Todd and January Hunnewell, appeals from a summary judgment entered in the Superior Court (Cumberland County, *Alexander, J.*) in favor of defendant Liberty Mutual Fire Insurance Company (Liberty Mutual) in a reach and apply action. 24–A M.R.S.A. § 2904 (1990). Finding no error, we affirm the judgment.

The automobile insurance policy underwritten by Liberty Mutual that is the subject of this lawsuit was applied for by Rose Ann Hunnewell, Robert's wife, who is not a party to this action. The application listed Hunnewell, Rose Ann, and their eighteen-year-old daughter, Laurie, as the vehicle operators covered under the policy. The policy contains an unambiguous standard endorsement which states that the insurer does not provide "liability coverage for any person for bodily injury to you or to any family member."[1] During the interim period after the application had been approved but before the written policy was delivered to the Hunnewells, Laurie Hunnewell was involved in an automobile accident in which her two siblings, Todd and January, were injured. Robert Hunnewell brought a negligence action against his daughter Laurie on behalf of the two younger children.[2] After a nonjury trial, the Superior Court (*Bradford, J.*) entered a judgment finding Laurie Hunnewell negligent and awarded damages to the injured children totaling $65,000.[3] Robert Hunnewell then brought a reach and apply action against Liberty Mutual seeking payment of the judgment.

Maine's reach and apply statute enables a judgment creditor to obtain payment of

was granted. Laurie never retained counsel and appeared *pro se.* One of the defenses relied on by Liberty Mutual in this action not addressed by the Superior Court, is fraud and collusion between Laurie Hunnewell, as the defendant, and Robert Hunnewell as the plaintiff, in the underlying action. *See* 24–A M.R.S.A. § 2904(6).

3. The court entered judgment for Todd Hunnewell for $50,000, plus interest and costs, and for January Hunnewell for $15,000, plus interest and costs.

the judgment by the judgment debtor's insurer if the judgment debtor was insured for the liability forming the basis of the judgment. 24–A M.R.S.A. § 2904. Under the statute, the insured must first establish coverage. Once coverage has been established, the statute lists six defenses the insurer may raise to challenge its obligation to pay the judgment. These six defenses are the only ones that may be raised by the insurer in a reach and apply action. 24–A M.R.S.A. § 2904(1)–(6). *Michaud v. Mutual Fire, Marine & Island Ins. Co.*, 505 A.2d 786, 789 (Me.1986).

The parties filed cross-motions for summary judgment. In its motion, Liberty Mutual contended that it was entitled to summary judgment because there was no coverage due to the family exclusion endorsement. Liberty Mutual also raised the defense of collusion barring recovery under the reach and apply statute.[4] 24–A M.R.S.A. § 2904(6). Following a hearing, the Superior Court granted summary judgment to Liberty Mutual on the basis of noncoverage. On appeal, Hunnewell advances several contentions, one of which is that the record generates an issue of material fact as to whether Liberty Mutual should be estopped from asserting the family exclusion endorsement.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, ... show that there is no genuine issue as to any material fact ... and that a party is entitled to a judgment as a matter of law." M.R.Civ.P. 56(c). On appeal from a grant of summary judgment, we review the evidence in the light most favorable to the party against whom summary judgment

has been entered and review the trial court's conclusions for errors of law. *St. Louis v. Hartley's Oldsmobile–GMC*, 570 A.2d 1213, 1215 (Me.1990).

■ To withstand a motion for summary judgment on the issue of estoppel in a case involving insurance coverage, the plaintiff must present facts tending to show (1) unreasonable conduct by the insurer or its agent that misleads the insured concerning the scope of the coverage; and (2) justifiable reliance by the insured on that conduct. *Allstate Ins. Co. v. Elwell*, 513 A.2d 269, 272 (Me.1986). The conduct relied on must have induced the insured " 'to do what resulted to his detriment and what he would not otherwise have done.' " *Id.* (quoting *Roberts v. Maine Bonding & Casualty Co.*, 404 A.2d 238, 241 (Me.1979)).

■ In contending that there is a genuine issue of material fact on the issue of whether Liberty Mutual should be estopped from invoking the family exclusion clause, Hunnewell relies entirely on his answer to Liberty Mutual's Interrogatory Number 24. Interrogatory Number 24 requested the names of witnesses with knowledge regarding the facts and circumstances of Hunnewell's claim. In response to the interrogatory, Robert Hunnewell submitted an answer that purports to be a summary of a statement of Rose Ann Hunnewell, who made the arrangements with Liberty Mutual to purchase the policy that is the subject of this lawsuit. The answer asserts that Rose Ann

> specifically wanted to make sure that all of my children would be covered in the event that they were injured in an accident. The employee [of Liberty Mutual] told me that my children would be covered if they were injured in [an] accident.[5]

---

4. *See supra* note 2.

5. The answer to Interrogatory Number 24 states in pertinent part:

> Rose Ann Hunnewell: On August 27, 1985, telephoned a Liberty Mutual employee who sold me a liability policy which covered my husband, my daughter, Laurie, and myself. I paid $136.00 as a down payment for the policy by delivering the money to the Liberty Mutual office on outer Congress Street. They gave me a receipt and a hand book. On

September 3, 1985, my daughter was operating our 1978 Honda automobile when she unfortunately drove in the wrong direction up a one-way street. As a result, a collision occurred. My son, Todd was very seriously injured. Of lasting consequence, he suffered a broken leg which required him to be in traction at Maine Medical Center for one month. Afterward, he was put in a body cast. Additionally, my daughter, January received a gash on her forehead which resulted in a permanent scar. I notified Liberty Mutual of

Rose Ann did not sign the answers to interrogatories and took no oath as to the truth of their content.

 The facts alleged in the answer to Interrogatory Number 24 should have been set forth in an affidavit signed by Rose Ann Hunnewell. Affidavits submitted in support of a motion for summary judgment must be made on personal knowledge of the affiant, set forth facts that would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters contained in the affidavit. M.R.Civ.P. 56(e). Affidavits may be supplemented by discovery, including answers to interrogatories. *Steeves v. Irwin*, 233 A.2d 126, 130 (Me.1967); M.R.Civ.P. 56(e). If they are to support the granting of a motion for summary judgment, however, those answers are subject to the same requirements as affidavits. The answer to Interrogatory Number 24, signed by Robert Hunnewell, who had nothing to do with the procurement of the insurance policy, consists solely of hearsay statements of Rose Ann. Robert Hunnewell has no personal knowledge of those statements and they would be inadmissible in evidence at trial. The answer cannot be considered as a basis upon which to deny Liberty Mutual's motion for summary judgment. *Colby v. York County Comm'rs*, 442 A.2d 544, 548 (Me.1982).

 Moreover, the answer to Interrogatory Number 24, even if in the proper form of an affidavit signed by Rose Ann Hunnewell, would be insufficient to generate an issue of material fact on estoppel. In this case, where the policy did provide medical payment coverage for Hunnewell's children,[6] the vague assertion that there was a request for an assurance that the children would "be covered" in case of inju-

ry, is an inadequate basis on which to conclude that Liberty Mutual misled Rose Ann Hunnewell to believe that members of her family would receive general liability coverage. Liberty Mutual cannot be estopped from asserting its unambiguous family exclusion endorsement as a defense to this action on the basis of that answer. *See Allstate Ins. Co.*, 513 A.2d at 272.

We have examined the other issues argued by Hunnewell and find them to be without merit.

The entry is:

Judgment affirmed.

All concurring.

---

the collision on the following day. Thereafter, I received my insurance policy from Liberty Mutual. The "so called family exclusion" did not accompany the policy. This exclusion contained in an endorsement arrived several days after the policy.

. . . .

I specifically wanted to make sure that all of my children would be covered in the event that they were injured in an accident. The employee told me that my children would be covered if they were injured in [an] accident. Libert Mutual submitted an affidavit disputing the fact that any representation as to coverage for family members was made.

6. Liberty Mutual is liable for a maximum of $1000 per child under the medical payment provisions of the policy. Hunnewell has not alleged that Liberty Mutual has denied coverage under this provision of the policy.