**UNITED STATES FIDELITY AND GUARANTY CO. and Commercial Union Insurance Co., Plaintiffs,**

v.

**Gerard GOODWIN and Dale Henderson Logging, Inc., Defendants.**

Civil No. 96–0179–B.

United States District Court,
D. Maine.

Dec. 30, 1996.

Carl F. Rella, Rella, Dostie & Tucker, P.A., Bangor, ME, for Plaintiff U.S. Fidelity.

Stephen J. Burlock, Weatherbee, Woodcock, Burlock & Woodcock, Bangor, ME, for Plaintiff Commercial Union Ins.

Christopher R. Largay, Bangor, ME, for Defendant Gerard Goodwin.

Warren M. Silver, Warren M. Silver, P.A., Bangor, ME, for Defendant Dale Henderson Logging.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

This declaratory judgment action arises out of Plaintiffs', United States Fidelity and Guaranty Company and Commercial Union Insurance Company, refusal to indemnify Defendant Gerard Goodwin for damages he owes Defendant Dale Henderson Logging, Inc. (Henderson) for wrongfully cutting trees on Henderson's property in violation of 14 M.R.S.A. §§ 7552 and 7552–A. Plaintiffs ask the Court to declare the rights of the parties as follows: (1) The damages Goodwin owes Henderson pursuant to 14 M.R.S.A. §§ 7552 are not covered under the "Property Damage" provisions of the comprehensive general liability insurance policies Plaintiffs executed with Goodwin (Counts I, II, and III); (2) the double damages Goodwin owes Henderson pursuant to 14 M.R.S.A. § 7552–A are in fact punitive damages that are not covered by the policies (Count IV); (3) the damages assessed against Goodwin for costs of regenerating Henderson's property are remedial costs for which there is no right to indemnification (Count V); and (4) if Plaintiffs are required to indemnify Goodwin for the above damages, Plaintiffs are entitled to contribution from Goodwin (Count VI).

Defendants filed a Motion for Partial Summary Judgment as to Counts I, II, III, and IV. Plaintiffs filed a Motion for Partial Summary Judgment as to Counts IV and V. For the reasons set forth below, the Court denies Defendants' Motion as to Counts I, II, and III, and declines to address Defendants' Motion as to Count IV. The Court declines to address Plaintiffs' Motion as to Count IV, but denies Plaintiffs' Motion as to Count V.

## I. SUMMARY JUDGMENT

Summary judgment is appropriate in the absence of a genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is genuine for these purposes if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is one that has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir. 1993). The Court views the record in the light most favorable to the nonmoving party. *See McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995).

## II. BACKGROUND

Commercial Union Insurance Company provided Goodwin with commercial general liability insurance coverage from February 17, 1993, through February 17, 1995. United States Fidelity and Guaranty Company provided almost identical coverage to Goodwin from February 17, 1991, through February 17, 1993.[1]

In 1994 Henderson filed a complaint against Goodwin in Maine Superior Court. Henderson's amended complaint alleged the following: Count I, Goodwin had trespassed on Henderson's land and removed timber without permission, in violation of 14 M.R.S.A. § 7552; Count II, Goodwin's trespass and cutting were done knowingly and willfully, so as to warrant the award of treble damages pursuant to 14 M.R.S.A. § 7552; and Count III, Goodwin had failed to mark clearly his boundary before he authorized the cutting of timber on his own property, permitting the award of double damages against Goodwin under 14 M.R.S.A. § 7552–A. Plaintiffs defended Goodwin with a full reservation of rights. Goodwin and Henderson agreed to submit the matter to a referee for determination of factual and legal issues. Before their hearing with the referee, Henderson and Goodwin agreed that Good-

---

1. The two insurance policies are identical for all relevant purposes in this matter.

win would admit liability as to Counts I and III, but that judgment would be entered against Henderson as to Count II.

The referee assessed damages against Goodwin in the amount of $105,712.17, pursuant to 14 M.R.S.A. § 7552, for the value of the trees removed, the loss of value of adjacent property due to clearcutting, and the costs of regenerating Henderson's property. The referee also issued double damages against Goodwin in the amount of $211,-424.34, pursuant to 14. M.R.S.A. § 7552–A, for failing to mark clearly his .property boundary lines. The Superior Court entered judgment for Henderson in the amount established by the referee. Plaintiffs refused to indemnify Goodwin for the damages assessed.

### III.  PERSONAL INJURY COVERAGE

■  The relevant provisions of the insurance policies state that Plaintiffs "will pay those sums that [Goodwin] becomes legally obligated to pay as damages because of 'personal injury.'" Pol. § I.B.1.a. "Personal injury" is defined as "[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor." *Id.* § V.10.c. Defendants contend that Goodwin's trespass on Henderson's land constitutes a "wrongful entry into ... a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord, or lessor," and therefore is covered under the policies. Plaintiffs argue that pursuant to the plain language of the policies the wrongful entry must be committed by the owner, landlord, or lessor of the property that has been entered wrongfully. Plaintiffs note that Goodwin was not the owner of the property upon which he trespassed; therefore, they argue, Goodwin is not covered under the "personal injury" provision of the insurance policies. In response, Defendants argue that the phrase "by or on behalf of its owner, landlord or lessor" modifies the word "occupies." In other words, Defendants contend that the "personal injury" provision merely requires that the person who occupies the room, dwelling, or premises that was entered wrongfully does so by or on behalf of the property's owner, landlord, or lessor. According to Defendants, since Henderson owned the property upon which Goodwin trespassed, Henderson occupied the property by or on behalf of the property's owner, landlord, or lessor. Defendants argue that the provision does not require that the person who wrongfully enters property be the owner, landlord, or lessor of the property; therefore, it is irrelevant that Goodwin did not own the property that he wrongfully entered. Alternatively, Defendants state that the "by or on behalf of its owner, landlord or lessor" provision is ambiguous and must be construed to provide Goodwin with coverage.

■  Under Maine law, if a provision of an insurance contract is ambiguous, that provision must be construed in favor of providing coverage. *See Baybutt Const. Corp. v. Commercial Union Ins. Co.,* 455 A.2d 914, 921 (Me.1983). "Whether a given insurance contract is ambiguous is a question of law for the court." *Maine Drilling & Blasting, Inc. v. Insurance Co. of N. Am.,* 665 A.2d 671, 674 (Me.1995). A provision of an insurance contract is ambiguous "'if an ordinary person in the shoes of the insured would not understand that the policy did not cover claims such as those brought....'" *Id.* (quoting *Allstate Ins. Co. v. Elwell,* 513 A.2d 269, 271 (Me.1986)). Additionally, "'the language of a contract of insurance is ambiguous if it is reasonably susceptible of different interpretations.'" *Id.* (quoting *Brackett v. Middlesex Ins. Co.,* 486 A.2d 1188, 1189 (Me.1985)). "'[T]he court must interpret unambiguous language in a contract according to its plain and commonly accepted meaning.'" *Id.* (quoting *Brackett v. Middlesex Ins. Co.,* 486 A.2d 1188, 1190 (Me.1985)). Although at least one other court has found that the modification "by or on behalf of its owner, landlord or lessor" is ambiguous, *see Blackhawk–Central City Sanitation Dist. v. American Guarantee and Liab. Ins. Co.,* 856 F.Supp. 584, 590 (D.Colo.1994), this Court is persuaded that the modification clearly refers to the person committing the wrongful entry and not the person who occupies the room, dwelling, or premises.

As stated above, "personal injury" is- defined as the "wrongful entry into ... a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor." The key to determining the meaning of this provision lies in the word "its." The Court is persuaded that the word "its" modifies the words "room, dwelling or premises." The word "its" does not modify the word "person." Unlike a room, dwelling, or premises, a person obviously cannot have an owner. Accordingly, the provision unambiguously requires that the wrongful entry be committed by the owner, landlord, or lessor of the room, dwelling, or premises. Since Henderson was the owner of the land upon which Goodwin trespassed, Goodwin cannot be indemnified for damages under his personal injury coverage. Defendants' Motion for Summary Judgment as to Counts I, II, and III is denied.[2] The Court declines to address Defendants' Motion as to the policies' alleged coverage of double damages under 14 M.R.S.A. § 7552–A (Count IV) until that time, if at all, the Court holds that Plaintiffs must indemnify Goodwin.

## IV. REGENERATION

The insurance policies state that Plaintiffs must pay "those sums that [Goodwin] becomes legally obligated to pay as damages because of ... 'property damage'...." Pol. § I.A.1.a. Goodwin legally is obligated to pay Henderson the costs of regenerating Henderson's property. Goodwin claims that these costs are damages because of property damage and therefore are covered under the policies. Plaintiffs moved for summary judgment on this issue, arguing that costs for regeneration are not damages, but are remedial or equitable costs that are not covered under the policies. The Court notes that this issue is moot unless or until the Court decides that Goodwin's trespass on Henderson's property and removal of trees from that property is covered under the insurance policies. The Court holds that if Plaintiffs ultimately are required to indemnify Goodwin, they must indemnify him for the costs of regenerating Henderson's property. Such costs are damages that are covered under the policies.

Plaintiffs rely on the Supreme Judicial Court of Maine's decision in *Patrons Oxford Mut. Ins. Co. v. Marois*, 573 A.2d 16 (Me. 1990), to support their argument that regeneration costs are not damages, but are remedial costs that are not covered by the policies. Writing for the Law Court, Justice Hornby held that an insured whose policy covered it for property damages could not recover the costs of complying with the State's demands that the insured prevent contaminated ground water from migrating outside the insured's own property. *Id.* at 18. Such costs would be remedial rather than damages. *Id.* Nevertheless, Justice Hornby distinguished the facts in issue in *Marois* from the hypothetical situation where the damage done to property was done to property owned by someone other than the insured. He wrote:

**2.** The sole fact that Goodwin is not covered under the "personal injury" provision of the policies does not in and of itself preclude him from recovering under the policies' coverage for "property damage." The insurance policies state that Plaintiffs "will pay those sums that [Goodwin] becomes legally obligated to pay as damages because of ... 'property damage.'" Pol. § I.A.1.a. "Property damage" is defined as "physical injury to tangible property, including all resulting loss of use of that property." *Id.* § V.12. The insurance applies to "property damage" only if the "property damage" is caused by an occurrence. *Id.* § I.A.1.b. An "occurrence" is defined as an accident. *Id.* § V.9.

The Court does not decide whether or not Goodwin is covered under the "property damage" provision of the policies because the parties did not raise or brief this issue. The Court notes, however, that under Maine law a person may

trespass without intending to trespass; therefore, although a person may be on land intentionally, he may still not intend the consequences of his actions. In other words, if a person does not intend to trespass, a trespass can be an "occurrence." *See Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350, 1353 (Me. 1996).

A consequence that follows from being on the land may be unintentional despite the fact that being on the land is intentional. The neighbors' trespass allegation therefore constitutes a possible claim for damages for the loss of use of land within the policy definition of "property damage" resulting from an unintentional act within the policy definition of an "occurrence."

*Id.* The Court, however, has not been asked to decide whether or not Goodwin is covered under the "property damage" provision of these policies in regard to Counts I, II, and III.

There may be a substantial difference between these remedial costs and the amount of damages the Maroises would have to pay to property owners for damages to their property. It is the latter expenditure upon which the parties have contracted and upon which the insurance premium is based. *Id.* at 18–19. Further, Justice Hornby stated that "[i]f third parties suffer property damage, they may seek damages from the [Ground Water Oil Clean-up] Fund, amounts for which the Maroises would ultimately be responsible, and which would presumably be covered under the policy." *Id.* at 19 n. 3 (citations omitted). The Court infers from these statements, which admittedly are dicta, that the Law Court would hold that the costs of cleaning-up pollution to a third party's property would be considered damages that are covered under the insurance policy's coverage of property damage. *See also A. Johnson & Co. v. Aetna Casualty and Sur. Co.*, 741 F.Supp. 298, 303–04 (D.Mass.1990) (holding that under the Law Court's decision in *Marois*, the costs incurred by an insured for cleaning-up pollution he expelled on a neighbor's property are considered damages and not remedial costs). Accordingly, the Court holds that the costs of regenerating Henderson's property are damages that would be covered under Goodwin's insurance policies if Plaintiffs ultimately must indemnify Goodwin for his trespass and removal of trees on Henderson's property. The Court denies Plaintiffs' Motion for Summary Judgment as to Count V. The Court declines to address Plaintiffs' Motion as to the policies' alleged coverage of double damages under 14 M.R.S.A. § 7552–A (Count IV) until that time, if at all, the Court holds that Plaintiffs must indemnify Goodwin.

## V. CONCLUSION

Goodwin is not covered under the "personal injury" provision of his insurance policy for his trespass and removal of trees on Henderson's property because Goodwin was not the owner, landlord, or lessor of the property. For this reason, the Court denies Defendants' Motion as to Counts I, II, and III. The costs that Goodwin owes for the regeneration of Henderson's property are damages that are covered under the policies' coverage for "property damage." If Plaintiffs ultimately must indemnify Goodwin for the damages he owes as a result of his trespass and removal of trees on Henderson's property, Plaintiffs must indemnify Goodwin for the costs he must pay to regenerate Henderson's property. Accordingly, the Court denies Plaintiffs' Motion as to Count V.

*SO ORDERED.*