STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. KENSC-CV-22-54

ANDREW ROBBINS, et al.,                )
                                        )
          Plaintiffs,                   )
                                        )
     v.                                 )
                                        )        **ORDER ON MOTION**
                                        )        **TO DISMISS**
MAINE COMMISSION ON INDIGENT           )
LEGAL SERVICES, et al.                  )
                                        )
          Defendants                    )
                                        )

Before the Court is State of Maine's[1] Motion to Dismiss Plaintiffs' Complaint. The State

moves to dismiss both of Plaintiff's claims – Count I, a 42 U.S.C. § 1983 claim for violation of

the Sixth Amendment, and Count II, a claim for failure to promulgate rules under 5 M.R.S. §

8058.[2] First, the State argues that Count I does not allege circumstances that constitute actual or

constructive denial of counsel, or prejudice resulting from such a denial. Therefore, the State

argues, Plaintiffs do not have standing to pursue Count I. The State next argues that Count I fails

to state a claim upon which relief can be granted because the Court cannot order Maine

Commission on Indigent Legal Services ("MCILS") to fund the indigent criminal defense

system. Finally, the State argues that Count II should be dismissed because Plaintiffs do not state

a cognizable or timely claim.

---

[1] Although the Motion states that it was filed by Defendants collectively, at the hearing on the Motion to Dismiss on 5/26/2022. Assistant Attorney General Magenis clarified that he represents the State of Maine. Executive Director for MCILS Justin Andrus stated that the positions taken by the State are not necessarily representative of MCILS and that the agency's request for separate counsel was "denied." Therefore the Court understands the Motion to be brought only by the State of Maine.

[2] Plaintiffs have also filed a Motion for Class Certification, which the Court will rule on separately.

1

The Court held a hearing on the Motion to Dismiss on 5/26/2022.[3] Plaintiffs, five indigent defendants currently assigned appointed counsel in criminal proceedings in Maine, were represented by Attorney Zachary Heiden of the American Civil Liberties Union of Maine, and the State was represented by Assistant Attorney General Sean Magenis. For the following reasons, the Court denies the State's Motion as to Count I and grants the Motion as to Count II.

Legal Standard

Dismissal is appropriate where the court lacks subject matter jurisdiction. M.R. Civ. P. 12(b)(1). When a motion to dismiss is based on the court's lack of subject matter jurisdiction, the court does not make inferences favorable to the nonmoving party. *Tomer v. Me. Human Rights Comm'n*, 2008 ME 190, ¶ 9, 962 A.2d 335. "A necessary element of justiciability is standing, the absence of which impairs the subject matter jurisdiction of the court." *Smith v. Allstate Ins. Co.*, 483 A.2d 344, 346 (Me. 1984) (citation omitted); *see also Connors v. Int'l Harvester Credit Corp.*, 447 A.2d 822, 824 (Me. 1982). Standing requires a concrete and particularized injury which is actual or imminent. *Madore v. Me. Land Use Regulation Comm'n*, 1998 ME 187, ¶ 13, 715 A.2d 157.

On a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party to determine whether the complaint alleges the elements of a cause of action or facts that may justify relief on any legal theory. *Stevens v. Bouchard*, 532 A.2d 1028, 1030 (Me. 1987).

---

[3] At that hearing, the Court approved Defendant's M.R. Civ. P. 25(d) Notice of Substitution regarding a Commissioner of MCILS, a named party in this lawsuit. Mr. Robert Cummins, the former Commissioner, has resigned and is no longer a party to this case in his official or individual capacity.

Discussion

The State makes three arguments in support of its Motion. First, it argues that the Complaint does not allege a justiciable controversy. Specifically, it argues that Plaintiffs do not have standing because they do not allege adequate harm. The Court disagrees. Contrary to the State's assertions, *Strickland v. Washington*, 466 U.S. 668 (1984), does not establish the standard for a claim that counsel is ineffective currently; the *Strickland* standard applies retrospectively. *Luckey v. Harris*, 860 F.2d 1012, 1017 (11th Cir. 1988) (holding that the *Strickland* prejudice standard is "inappropriate for a civil suit seeking prospective relief."). Instead, a Plaintiff seeking prospective relief must show "the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law." *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974). Plaintiffs allege that they have been denied counsel, both actually and constructively, because Maine's system for providing counsel to indigent defendants is inadequate under Sixth Amendment standards.[4] The Court finds that the harm alleged is sufficient to establish standing. Therefore, the State's first argument for dismissal fails.

The State next argues that Count I does not assert a claim upon which relief can be granted because it improperly requests funding. The State is correct that the Maine Constitution's separation of powers requirement is "much more rigorous" than that in the United States Constitution, *Bates v. Dept. of Behavioral & Developmental Servs.*, 2004 ME 154, ¶ 84, 863 A.2d 890. However, even Maine's robust separation of powers requirement does not prevent a court from ordering MCILS to comply with the Constitution if a constitutional violation has

---

[4] Plaintiffs allege the harm they have alleged runs afoul of *Gideon v. Wainwright*, 372 U.S. 335 (1963) (appointment of counsel), and *United States v. Cronic*, 466 U.S. 648 (1984) (constructive denial of counsel). In addition, Plaintiffs argue the harm meets the standard for prospective relief from systemic Sixth Amendment violations, which has been recognized in other jurisdictions. As examples, Plaintiffs cite to *Kuren v. Luzerne Cty.*, 146 A.3d 715, 743 (Pa. 2016); *Hurrell-Harring v. State*, 930 N.E.2d 217, 226-7 (N.Y. 2010); *Luckey v. Harris*, 860 F.3d 1012, 1018 (11th Cir. 1988); *Tucker v. State*, 394 P.3d 54, 62-3 (Idaho 2017); *Duncan v. State*, 284 Mich. App. 246, 311-2 (2009).

3

occurred. *See Dept. of Corrections v. Superior Ct.*, 622 A.2d 1131, 1134 (Me. 1993). While the Court agrees it has no authority to direct a specific appropriation, Plaintiffs do not request that relief. *See Burr v. Dept. of Corrections*, 2020 ME 130, ¶¶ 26-7, 240 A.3d 371 (2020). Moreover, ensuring adequate funding is only a part of the remedy sought. The Court agrees with Plaintiffs that their "requests for declaratory and injunctive relief leave ample room for the Court to issue an order that accords with the Commission's role in the statutory scheme." Opposition to Motion to Dismiss at 13; *see also* 4 M.R.S. §§ 1801 (requiring the Commission work to ensure adequate funding), 1805 (requiring the Executive Director to apply for and accept available funds). The Court would obviously have to be cognizant of the separation of powers doctrine if any remedy were ordered. However, this case is quite far from any Plaintiff, or class of Plaintiffs, being in a position to request any remedy at all. Therefore, the Court finds that the State's second argument for dismissal fails.

Finally, the State argues that Count II should be dismissed, first, because MCILS is not required to engage in formal rulemaking, and second, because Plaintiffs did not file a proper or timely claim. Title 4 M.R.S. section 1804 subsection 2 states "[t]he Commission shall develop standards governing the delivery of indigent legal services." The State argues that the "standards" the Commission is required to develop are not formal rules. A "rule" is defined in 5 M.R.S. § 8002(9)(A) as

> the whole or any part of every regulation, standard, code, statement of policy, or
> other agency guideline or statement of general applicability ... that is or is
> intended to be judicially enforceable and implements, interprets or makes specific
> the law administered by the agency, or describes the procedures or practices of the
> agency.

4

The State claims that the standards contemplated by section 1804 are instead "[p]olicies or memoranda concerning only the internal management of an agency or the State Government and not judicially enforceable." 5 M.R.S. § 8002(9)(B)(1); *see also DownEast Energy Corp. v. Fund Ins. Review Bd.*, 2000 ME 151, ¶ 23, 756 A.2d 948. The Court agrees that "standards" as used in § 1804(2) do not mean formal rules. At the outset, there is no indication these standards are meant to be judicially enforceable. Further, the Court notes that the Legislature used the word "may" when it empowered the Commission to "adopt rules to carry out the purposes of this subchapter." 4 M.R.S. § 1804(4). *Compare* § 1804(4) ("The commission may…"), *with* § 1804(1) ("The commission shall…"), *and* § 1804(2) ("The commission shall…"), *and* § 1804(3) ("The commission shall…"). The Court believes that the Legislature would have required the Commission to engage in rulemaking if that was its intention. Because the Court does not find that the Commission should have promulgated rules when the Legislature intended that power to be discretionary, Plaintiffs' Count II should be dismissed.[5] The Court need not reach the State's contention that Plaintiffs have made an improper filing under 5 M.R.S. § 11001(2).

Conclusion

For the foregoing reasons, the State's Motion to Dismiss is denied as to Count I and granted as to Count II.

The entry is:

---

[5] If the Plaintiffs are alleging that the Commission is failing to require adherence to the standards they have created or that their standards are inadequate, those claims may be relevant to Count I. The Court will leave it to Plaintiffs to decide if they wish to seek leave to amend to add such an allegation.

5

The State's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiffs' Count II is DISMISSED. The State must file an Answer to Count I no later than June 20, 2022. Oral argument on the fully-briefed Motion for Class Certification shall be scheduled as soon as practicable after that date.

The clerk may incorporate this ruling into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE:_____6 / 2 / 22_____

_____
M. Michaela Murphy
Justice, Superior Court

6